UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBERT ZIMMERMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 23-01316 (UNA) |
| | ) |
| | ) |
| MARK ZUCKERBERG *et al.*, | ) |
| | ) |
| Defendants. | ) |

**<u>MEMORANDUM OPINION</u>**

This action, brought *pro se*, is before the Court on review of Plaintiff's Complaint With Jury Trial Demand, Dkt. 1, and application to proceed *in forma pauperis*, Dkt. 2. The Court will grant the application and dismiss the complaint.[1]

Complaints filed by *pro se* litigants are held to "less stringent standards" than those applied to formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Still, *pro se* litigants must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint contain a short and plain statement of the grounds upon which the court's jurisdiction depends, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for judgment for the relief the pleader seeks. Fed. R. Civ. P. 8(a). It "does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up). In addition, Rule 8(d) states that "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). "Taken together, [those provisions] underscore the emphasis placed on clarity and brevity

---

[1] Although the complaint lists Uxor Press as a co-plaintiff, an artificial entity cannot proceed in federal court without licensed counsel, *see Rowland v. Cal. Men's Colony*, 506 U.S. 194, 201–07 (1993) (citing 28 U.S.C. § 1654), nor can it proceed *in forma pauperis*, *see id.* at 201 ("Four contextual features indicate that 'person' in § 1915(a) refers only to individuals . . . ."). Therefore, as indicated in the caption of this opinion, the sole plaintiff here is Robert Zimmerman.

by the federal pleading rules." *Ciralsky v. CIA*, 355 F.3d 661, 669 (D.C. Cir. 2004) (citation omitted).

The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer, mount an adequate defense, and determine whether the doctrine of *res judicata* applies. *See Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977). The standard also assists the court in determining whether it has jurisdiction over the subject matter.

Plaintiff has filed a 223-page complaint against Mark Zuckerberg and his company Meta Platforms, Inc., "for Intentional Violations of Federal and State Laws." Compl., Dkt. 1 (footer). The sheer volume and prolixity of the complaint are reason enough to dismiss for failure to provide adequate notice of a claim  *See* Fed. R. Civ. P. 8(a) and 8(d) (listing minimum pleading requirements); *Ciralsky*, 355 F.3d at 669; *see also Jiggetts v. District of Columbia*, 319 F.R.D. 408, 413 (D.D.C. 2017) (a complaint that is "rambling, disjointed, incoherent, or full of irrelevant and confusing material will patently fail [Rule 8(a)'s] standard," as will one containing "an untidy assortment of claims that are neither plainly nor concisely stated") (cleaned up)), *aff'd sub nom. Cooper v. District of Columbia*, No. 17-7021, 2017 WL 5664737 (D.C. Cir. Nov. 1, 2017). A separate order accompanies this Memorandum Opinion.

*Dabney L. Friedrich*
DABNEY L. FRIEDRICH
United States District Judge

Date: May 26, 2023